UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA HUGGINS, as Personal Representative of the Estate of IRENE HAMILTON, deceased, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Case No. 07-CV-0396-CVE-PJC |
| FOUR SEASONS NURSING CENTERS, INC., A Foreign For Profit Business Corporation, d/b/a MANORCARE HEALTH SERVICES-TULSA Defendant. | ) ) ) ) ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Claims for Alleged Violation of the Oklahoma Consumer Protection Act and Punitive Damages with Brief in Support (Dkt. # 5), filed by Four Seasons Nursing Centers, Inc., d/b/a ManorCare Health Services-Tulsa ("ManorCare"). Plaintiff Barbara Huggins, as personal representative of the estate of her deceased mother, Irene Hamilton, filed a complaint on July 18, 2007, alleging tort and contract-based claims, misrepresentations in violation of the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 et seq. ("OCPA"), and for punitive damages under OKLA. STAT. tit. 23, § 9.1. Dkt. # 2. Defendant argues that plaintiff's OCPA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the OCPA specifically exempts nursing facility services. Defendant further argues that plaintiff's claim for punitive damages should be dismissed because the Oklahoma statutory provision governing punitive damages is unconstitutional.

**I.**

This action arises out of ManorCare's alleged abuse and neglect of plaintiff's mother, a resident of defendant's nursing facility. Dkt. # 16, at 1. Plaintiff maintains that ManorCare's conscious indifference to her mother's unresponsive and comatose condition during the summer of 2005 lead to her mother's hospitalization and eventual death. Id. at 1-2. The Oklahoma Department of Human Services conducted an investigation and determined that ManorCare abused and neglected plaintiff's mother while she resided at ManorCare's facility. Id. at 2. Plaintiff's Fourth Cause of Action alleges a violation of the OCPA and plaintiff's Fifth Cause of Action is for "punitive damages." Dkt. # 2, at 6-7. ManorCare seeks dismissal of these two claims.

**II.**

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Dep't. of Corrs., 222 F.3d 1238, 1240 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief may be granted. The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). For purposes of making these determinations, a court must accept all the well-pleaded allegations of the complaint as true and must construe them

in the light most favorable to the plaintiff. Ramirez, 222 F.3d at 1240; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs., 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether [she] is entitled to offer evidence to support [her] claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001).

### III.

Defendant seeks dismissal of plaintiff's Fourth and Fifth Causes of Action on two separate grounds. Defendant maintains that the OCPA does not apply to any representations, assurances, or promises made by ManorCare about its nursing facility services. Dkt. # 5, at 4. Defendant further maintains that plaintiff may not seek punitive damages pursuant to a facially unconstitutional state statute. Id. at 6. Plaintiff did not address defendant's first argument in her response. She did, however, address defendant's second argument. Plaintiff argues that the Oklahoma punitive damages statute is constitutional, subject to appropriate jury instructions and admonishments. Dkt. # 16, at 3.

#### A.  Section 754 of the OCPA

Section 754 of the OCPA provides that "[n]othing in this act shall apply to . . . [a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under [Oklahoma] statutory authority." In Estate of Hicks v. Urban E., Inc., 92 P.3d 88, 94-95 (Okla. 2004), the Oklahoma Supreme Court held that a nursing facility's alleged misrepresentations regarding the "degree and standard of care and treatment that would be provided" did not fall within the scope of the OCPA. The OCPA exempts such misrepresentations

3

because the quality of nursing facility services "is regulated under laws administered by the Oklahoma Department of Health, as mandated by the Nursing Home Care Act." Id. at 95. In other words, because nursing facility services are regulated by a state agency, the OCPA does not apply to claims arising from such services. Id.

Here, plaintiff's claim mirrors that found to be exempt in Hicks. Plaintiff maintains that defendant misrepresented the "degree and standard of care and treatment" which was to be provided to plaintiff's mother. Dkt. # 2, at 6-7. Yet Hicks explicitly held that this type of claim does not fall within the scope of the OCPA. 92 P.3d at 94-95. The Court finds, therefore, that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Fourth Cause of Action should be dismissed.

### B. Punitive Damages

Plaintiff's Fifth Cause of Action is for "punitive damages." Although not raised by defendant, the Court notes, sua sponte, that "punitive damages" are a type of damages – not an underlying claim for relief. "In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may . . . give damages for the sake of example and by way of punishing the defendant . . . ." OKLA. STAT. tit. 23, § 9.1. In order to seek punitive damages, plaintiff must plead these damages as part of an underlying claim for breach of an obligation not arising from contract. It is unclear if plaintiff is seeking punitive damages as relief in the First or Second Cause of Action, or both. Therefore, the Court grants the motion to dismiss, subject to plaintiff's right to properly plead punitive damages.

In addition, defendant moved to dismiss the Fifth Cause of Action on the ground that the Oklahoma punitive damages statute is unconstitutional based on the United States Supreme Court

decision in Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).  This Court has recently addressed this issue.  See Moody v. Ford Motor Co., ___ F. Supp. 2d ___, 2007 WL 869693, at *25-28 (N.D. Okla. Mar. 20, 2007).  As in Moody, the Court notes that Phillip Morris USA will be applicable to this case and will affect the presentation of evidence related to plaintiff's claim for punitive damages.

In Philip Morris, the family of Jesse Williams ("Williams"), a long-time smoker, sued Philip Morris USA ("Philip Morris") for negligence and deceit. 127 S. Ct. at 1060-61.  The jury concluded that Williams' death was caused by smoking, and found for the plaintiffs on their claims for negligence and deceit.  On plaintiffs' claim for deceit, the jury awarded $821,000 in compensatory damages and $79.5 million in punitive damages.  The Supreme Court held that Philip Morris' rights under the Due Process Clause of the Fourteenth Amendment were violated when the jury considered harm to third parties as a factor when determining the amount of punitive damages.  Id. at 1063.  The Court stated that "a defendant threatened with punishment for injuring a nonparty victim has no opportunity to defend against the charge" by raising possible defenses to those claims.  Id.  If juries were permitted to consider harm to nonparties, this would create "a near standardless dimension" to punitive damages, and juries would be permitted to speculate about the harm to nonparty victims. Id.  Although the jury may consider potential harm when determining the reprehensibility of the defendant's conduct, this means only that the jury may consider the potential harm to the plaintiff, not all other potential victims.  The Court concluded that the "Due Process Clause requires States to provide assurance that juries are not asking the wrong question, i.e., seeking, not simply to determine reprehensibility, but also to punish for harm caused to strangers."  Id. at 1064.  Under Philip Morris, a jury may consider the fact that the defendant's conduct is likely to harm third parties

as an indication of reprehensibility, but the jury must be instructed not to award damages for actual or potential injuries to third parties. Id.

Oklahoma's punitive damages statute, OKLA. STAT. tit. 23, § 9.1, provides three categories of punitive damages. Category I permits a jury to award punitive relief if the plaintiff presents clear and convincing evidence that a defendant "has been guilty of reckless disregard for the rights of others." Id. § 9.1(B). Category II is similar to Category I, with the exception that a defendant must have "acted intentionally and with malice towards others." See id. § 9.1(C). Further, Category III mirrors Category II, except that the court must determine beyond a reasonable doubt that the defendant acted intentionally and maliciously towards others and engaged in life-threatening behavior. See id. § 9.1(D). On its face, section 9.1 contemplates harm to third parties as the foundation for any award of punitive damages. Moreover, the Oklahoma Supreme Court has been clear that a jury should consider potential and actual harm to third parties under section 9.1. Gilbert v. Sec. Fin. Corp. of Okla., Inc., 152 P.3d 165, 179 (Okla. 2006) ("If potential harm to other victims is a consideration, then actual harm to others is also an appropriate consideration.").

Here, as in Moody, the Court will not decide the constitutionality of section 9.1 at this stage in the proceedings. Defendant has raised this issue prematurely. The Court reiterates its footnote in Moody:

> There is the possibility that section 9.1 may be facially unconstitutional, but this issue has not been addressed by the Oklahoma Supreme Court or the Oklahoma Legislature. The reckless disregard [and intentionally malicious] standard[s] under Oklahoma law [are] based on harm to others, not just harm to the plaintiff. OKLA. STAT. tit. 23, § 9.1. Further, although the statute itself provides for severability, severability may not be feasible where the very purpose of the statute is to punish for harm to others. Under Philip Morris, [defendant] has a due process right to ensure that the jury uses punitive damages to punish it for harm suffered by plaintiff only, not all third parties that may have been injured . . . . While the constitutionality of section 9.1 is ripe for judicial or legislative review, that issue is not before the Court

> at this time and the Court will not issue an advisory opinion on the constitutionality of the statute.

2007 WL 869693, at *28 n.14.  Therefore, because the Court dismisses plaintiff's Fifth Cause of Action as improperly plead, defendant may re-urge this issue following amendment of the Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Claims for Alleged Violation of the Oklahoma Consumer Protection Act and Punitive Damages with Brief in Support (Dkt. # 5) is **granted**, subject to plaintiff's right to properly plead punitive damages. Plaintiff may file an amended complaint, alleging with particularity the breach of obligation(s) for which she seeks punitive damages, no later than **October 30, 2007.**

**DATED** this 22nd day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT